ALBERT L. KELLEY *versus* AMOS WESTON.

Where the tenant agrees to cultivate and bag the hop crop for the year, in payment of rent, the property in the hops is in the landlord.

The tenant acquires no more title to the crop, than if he had been paid for his labor in any other way, than by the use of the farm.

No separation or delivery is necessary, when the portion of produce agreed upon as rent is never to be the property of the tenant.

REPLEVIN for four bales of hops. It was agreed in this case that the defendant was a deputy sheriff and that the hops were attached by him as the property of one Amos Damon on a writ, *Isaiah Rich, jr.* v. said *Damon.* The cause was submitted to the decision of the Court on the facts testified to by Damon, which were as follows; that he lived on the farm of the plaintiff; that being indebted to him for rent, the plaintiff in the spring of 1838, notified him that he could have the farm no longer; that he (Damon) told him if he would let him stay one year longer he should have the hops he should raise and that he would cure them fit for market and bag them; he further testified that he sowed the seed for Mr. Kelley, and took care of the hops for him, but had no interest in them himself, and that whatever else he raised was his own. He further testified that he originally went into the occupation of the farm by virtue of a bond from the plaintiff as agent of Messrs. Thorndike, Sears & Prescott, which bond had expired three or four years previous to 1838.

*N. H. Hubbard,* for the defendant. By the contract, as proved, Damon was tenant at will to the plaintiff. St. c. 53, § 7. The property in the crops was in Damon till a delivery, and the remedy of the plaintiff rested in contract. The plaintiff cannot claim the property as sold, because the thing sold must be definite and capable of delivery. *Lanfear* v. *Sumner,* 17 Mass. R. 110. Nor as mortgagee because a mortgage implies a sale. *Brooks* v. *Powers,* 15 Mass. R. 244. Nor as pledgee, for there was no delivery to the plaintiff. Nor was he in possession. Had Damon sold, the title would have passed to his vendee. *Butterfield* v. *Baker,* 5 Pick. 522; *Waite's case,* 7 Pick. 100; *Bailey* v. *Fillebrown,* 9 Greenl. 12; *Dock-*

*ham* v. *Parker*, 9 Greenl. 137; *Brown* v. *Smith*, 3 Greenl. 44.

*W. Kelly, contra.* The plaintiff does not claim as vendee, pledgee, or as holding the property replevied as security for a debt. Damon has no claim to the hops. The rent was to be paid for in labor, and it is immaterial on what the labor was to be done, whether on this or on other land. The contract was not to pay in hops, but in work. The tenant was a mere laborer, cultivating the crop for the plaintiff, by which his rent was to be paid. Had the plaintiff sued Damon for rent, the performance of the work and labor as proved here, would have constituted a good defence. *Lewis* v. *Lyman*, 22 Pick. 437.

The opinion of the Court was by

SHEPLEY J. — The defendant attached the hops as the property of Amos Damon, and is entitled to hold them for the benefit of his creditor, if they belonged to him. The Court must consider, that Damon gives a correct account of the agreement under which the farm was occupied by him for the year 1838, during which the hops were grown. His statement of the contract is, " I told him if he would let me stay one year longer, he should have all the hops I should raise; and that I would cure them fit for market and bag them; and that the crop was Mr. Kelley's when growing, for I raised it for him, and took care of them for him, and had no interest in them myself; and whatever else I raised was my own." According to this account he was to cultivate the hop crop and prepare it for market for the plaintiff in consideration that he would permit him to remain on the farm that year, and take all the rest of the produce for his own use. The property in the hops was not then in the tenant. He would no more acquire a title to them, than he would, if he had been paid for his labor in cultivating them in any other mode than by the use of the rest of the farm.

The cases on which the defendant's counsel relies are not analogous. In *Bailey* v. *Fillebrown*, 9 Greenl. 12, the agree-

ment was, " that all the hay that may be cut on said farm shall be holden by said agent as security till payment of the rent." And in *Dockham* v. *Parker*, 9 Greenl. 137, the agreement was, " that the defendants were to hold all the produce of the farm as security unless the tenant obtained good personal security for the payment." In these cases the provision that it should be security for the rent shows, that the property was in the tenant and not in the landlord. And when the produce is to be holden as security, it has been considered necessary, that the landlord should in proper time manifest his intention so to appropriate it by taking the possession or control of it to prevent its being taken by other creditors. But when by the terms of the agreement a portion of the produce is never to become the property of the tenant there can be no such necessity.

When the tenant states, that he contracted with the plaintiff as the agent of others, he appears to speak of that contract which he had made nine years before to purchase the farm, and which had expired three or four years before the year 1838. He says, " I lived on A. L. Kelley's farm," and the Court cannot infer, that the plaintiff was not the owner then, because he had nine years before acted as the agent of others.

According to the agreement the defendant is to be defaulted.